Good morning, Your Honors. May it please the Court, I'm James Robert Noblin of Green and Noblin for the appellants, and I would like to reserve two minutes for rebuttal if I may. All right. The conduct that appellees are alleged to have engaged in here is outrageous. It's the cyber equivalent of breaking in to the office of opposing counsel and copying the litigation file there. Now, it's not just one opposing counsel. This case involves about 33,000 clients, so it would be copying all those files. The only difference here is it was done via hacking instead of physical breaking and entering. So the key question as to liability for the hacking is whether the computer system here, which is the HQSU system, constitutes an electronic communication service under the Federal Stored Communications Act. It's worth starting out noting that the definition of an electronic communication service is broad and inclusive. Quote, any service which provides users thereof the ability to send or receive electronic communications constitutes an electronic communication service. And there's no question that that is true of HQSU. The HQSU system consists of a database, a website, and servers. Well, the SCA has a specific definition for what constitutes electronic communication service, and that's the transfer of signs, signals, writings, images, sounds of any nature. And the cases that have looked at the definition of the electronic communication service provider seem to contemplate the ability to communicate with third parties, like in the Kauffman, Crispin, Erling cases, all those involve the ability to at least send private messages or email. And I didn't see in this case any allegations that the HQSU system allows for communications, such as in, and I'm operating at a very layperson level, but the ability to like send email and private message people. The definition I read is from 18 U.S.C. 2510.15, which is incorporated into the Stored Communications Act via Section 2711. So that is a operable definition. Now, none of the system, none of the cases you're talking about or the statute itself has said email, electronic communication system is email. So that is not the standard. And it's not also, I think in your honors question, the word third parties is doing a lot of work there. Third parties does not mean the ability to send messages outside of the system. It means people within the system, as opposed to, let's say the website cases where they hold, it's not an electronic communication service because the only communication is between me and the website, me and Amazon. Whereas if people, if users of the website can communicate amongst themselves, as in Kauffman, it wasn't just email, it was realtors who were able to message each other on that website. That's what made an electronic communication system. Well, could clients like yours use this website to communicate with HQSU? They use... Could they address the attorney's comments or notes? Correct. That is the allegations that the attorneys, support staff, and clients communicate through the system, not only by uploading and downloading documents, but by uploading notes and comments to each other. Where is it in the complaint where it says that the clients could communicate system with the attorneys? It says, let's use the Casillas complaint in paragraphs 17 and 47. It specifically mentions notes and comments being appended by each of the triangle, attorneys, support staff, and clients. Give me those paragraphs again, the reference and the pleading. In the Casillas complaint, it's paragraphs 17 through 47. I would also reference 15 and 16 that set up the system. Then also, paragraph 29 draws the analogy to traditional litigation files. Of course, a traditional paper litigation file consists of communications, memos, and correspondence, including among clients. Those paragraphs talk about clients using the HQSU system to communicate with the lawyers? It says, attorneys, support staff, and clients each uploaded and downloaded documents and uploaded and downloaded notes and comments on documents for others to see. I thought the district court described this HQSU as more of an off-site storage site rather than like an electronic bulletin board. Right. That's what he said, and we think he's overlooked those allegations. Part of the problem here is that any modern IT system can do both. It can provide communication and remote computing storage if it involves servers. When you're using servers, you are providing information technology for enough people that it wouldn't make any sense to not allow them to communicate amongst each other unless you're setting up those websites where it's just a two-way communication. One of our problems here is that the Storage Communications Act was enacted in 1986? Correct. And the internet didn't start until about 1990? Well, that's not exactly true in the sense the World Wide Web started in 1990. But one reason the legislative history and the cases are focused on electronic bulletin boards is they were in use back in 1986 in closed systems like CompuServe, Prodigy, AOL, and you can still find them on the World Wide Web with sites like Reddit or Quora. They were deemed the equivalent of an old-fashioned community bulletin board like you might remember from college or the local laundromat where you have cork board and people would use a push pin and put their message there. Someone might put a reply. They might call a reply, but that was considered communication within the community. And electronic bulletin boards, which were around when the SCA was passed, are very similar. If you look, someone will write a comment, you know, I hate waffles, and someone else will say waffles are the best, but it's all posted underneath each other. And that's the same function that was served here by people being able to put documents that the other members of the triangle, attorney, support staff, clients, could see, comment upon, and communicate amongst themselves that way. Now this analogy of the electronic bulletin boards with the old-fashioned cork boards and push pins is recognized in the cases like Crispin v. Christian Aguilar and United States v. Riggs. All the cases agree that an electronic bulletin board constitutes an ECS. I would particularly cannot Hawaiian Airlines and the Kauffman case you're mentioning. And that is why we believe HQSU constitutes an electronic communication service. They were communicating with each other, the members of the triangle, and it's very much like an electronic bulletin board. And therefore, that's why we think the district court should be reversed, particularly because it made this determination not upon facts, not on summary judgment, not at trial, but as a matter of law in the face of the complaint. And we believe that appellants should be able to move past the complaint and seek to prove their case. Unless the court has questions, I'll reserve the rest of my time for rebuttal. All right. Thank you. Good morning, Your Honors. May it please the court, I'm Deborah Stein. I represent Berkshire Hathaway Home State Insurance Company and Cypress Insurance Company, and I'll be presenting argument today on behalf of all appellees. This case can really be boiled down to a single question, and that's whether the complaints plead facts that plausibly show that HQSU is a service which provides to users thereof the ability to send or receive electronic communications. And the definition that Your Honor referenced before is the electronic communication definition. I think it's important to focus on the definition of the electronic communication service and its emphasis on sending or receiving electronic communications. Here, when you compare the allegations, the factual allegations in the complaint to the words of the statute, as we're did look at the allegations and, in fact, referenced in the court's decisions the allegations that plaintiff's counsel referenced about notes and messages being found in the file. But the allegations in the complaint say that the way that HQSU functioned is that a user would upload and download files to HQSU. There was no ability for a user to send something to another user, to send a communication to a third party, as Your Honor referenced earlier. And this matters because the statute requires sending, and the common sense layman view, dictionary view of sending is taking an action where you would cause to have delivered to someone else. And HQSU had no functionality that could deliver something to another user. If one user posted a file, as plaintiff's counsel suggested that one would do, the only way that that would be received by someone else is if they happened to go on and try and download the file. But there was no way that something would be sent to another user. And I think the Ninth Circuit has provided some really clear examples of what an electronic communications service is. And in the Kwan case, the Ninth Circuit focused on what they refer to as the plain language of the Stewart Communications Act and its common sense definitions to characterize a text messaging service. And there the Ninth Circuit said, yes, a text messaging service is an electronic communications service. And the Ninth Circuit looked at the electronic communication from one user to another user. And the Ninth Circuit contrasted that to the other category that Congress had in mind when it was enacting the Stewart Communications Act, and that was the remote computing service. And that was the function that Congress said, well, that's like when someone puts hospital or medical files off-site at a vendor, and that's like a virtual filing cabinet. Those are the words that the Ninth Circuit used, a virtual filing cabinet. That's a remote computing service, not an electronic communication service. What about, did the allegations allow clients to communicate with lawyers through the HQSU? The allegations say that the plaintiffs, that the clients had access to the system, to the virtual filing cabinet, and so that the clients could go on and log on and pull down a file from the virtual filing cabinet. But there's no allegation that someone could send something through HQ. And HQ, under the statute, in order to be an electronic communication service, it has to provide the users the ability to send something. And there's no ability here to send something. Send something to what, another user? To another user. That's how the courts have interpreted it. And the cases that Plaintiffs' Counsel referenced, like the Crispin case in talking about electronic bulletin boards, for example, Judge Morrow in the Crispin case focused on not the public aspects of an electronic bulletin board, because those wouldn't fall within the Act, but the history behind the electronic bulletin boards being part of the Stored Communications Act is that they had private messaging capabilities. That was the Facebook MySpace? Yes, Your Honor. That's correct, Your Honor. And so to the extent that clients here could communicate with the lawyers through the HQSU system, they would have to then post a message. It's like going into a document repository, writing a note, and then somebody else can pull that note and can read the message? Right. The way it's alleged is that it would be part of a file that got uploaded or downloaded. So in order to know whether there even was a communication, one would have to examine the and that is not something that the statute contemplates. The statute looks to whether someone can send something, whether someone can receive something. And I'd add that I think it's a little bit dangerous here to rule by analogy. It's very important, particularly as noted that this is an old statute, analogizing to an electronic bulletin board, it's not alleged in the complaint that this is an electronic bulletin board. Those words aren't found in the statute. They're not defined in the statute. And I'm sure people have different views of what an electronic bulletin board even means. So I think it's important to go back to the words of the statute because if we rule by analogy, if courts keep ruling by analogy, it's like a bad game of telephone where each one gets a little bit further away from the words of the statute. And by the end of that bad game of telephone, the analysis has really drifted from looking at, what does it really mean to send something? If I want to send something to my client, I need to make sure that that client receives it. I can't just upload the file and hope that my client goes on. And if I want my client to know to go on, I would actually have to use a different form of communication to tell my client. I'd call my client, email my client, and say, oh, you need to log on and access this virtual filing cabinet so you can see that I put notes in the file. But to suggest that this satisfies the definition of sending a communication, I don't think a layperson would consider sending a communication, uploading something to a computer database, and it's sitting there static unless someone else happens to go on and download information to see what's in the file. The other thing that I'd like to flag is that the issue of this being on a motion to dismiss, this is really a pure question of law. Because we and the district court below focus on what plaintiffs allege in the complaint and the functionality alleged in the complaint. And Judge Guilford accepted as true and applied the facts pled in the complaint to see whether they plausibly satisfied this test. Does it satisfy send or receive? And there's no dispute amongst the parties. We're not suggesting any sort of functionality different from what plaintiffs allege. Plaintiffs are saying that it was an upload and a download. And that is something that can be ruled on. It's a question of law. There is no error in ruling that way. And we believe that Judge Guilford correctly dismissed this. Does this make it a case of first impression in the Ninth Circuit then? You know, I think that it's not a case of first impression in terms of applying the statute. And the Ninth Circuit in Kwan was very clear that you had to apply the words of the statute and focus on this idea of connecting user to user. Now, every technology is different, especially as the years go on. And that's one of the reasons why it's important to stick to the statute. You know, I would note and I will say that it was just a passing comment by the Ninth Circuit. But in 2014 in the graph versus Zynga games case, the Ninth Circuit did say that an electronic communication service involved the transfer of electronic messages such as emails between users. And again, it's this common sense idea of transferring between users and not just uploading something to a static website that then someone else isn't getting any sort of notification. There's no push to the other side saying, hey, I posted something new. You need to go on and view it or click here and look at it. They would have not a very good form of communication if the other side doesn't actually receive it. Sounds to me more like some case of impression, but OK. Well, thank you, Your Honor. Thank you. Your Honor was asking earlier about allegations that clients would communicate with counsel this way. Paragraph 47 of the complaint says, as alleged, HQSU system were used by plaintiff, who is the client there and his counsel, to send electronic communications among themselves by uploading and downloading documents as well as by appending notes to those documents. So it's that if we're going to use the common sense version of send, that sure sounds like sending. I'm uploading these notes to your document. And as far as the fact that we're telling that it's sending it to the storage cabinet, let's say. Right. And if the deadline to are the notes in? Are we getting ready to file? The electronic bulletin board, nobody's told that somebody commented on your post. You find out when you go to the electronic bulletin board. And although technology is changing, the cases are consistent of the importance of a server. If you have a server, the cases are overwhelmingly that constitutes an electronic communication service. And HQSU does indeed have a server. The parties communicating, were communicating with each other through this means. And that's why in the common sense meaning of an electronic communication service, HQSU qualifies because clients support staff and attorneys used it to communicate with each other electronically. Thank you. Got the argument. Thank you very much, counsel, to both sides for your arguments. In this case, the matter is submitted.
judges: Gilman, Fisher, Nguyen